# IN THE DISTRICT COURT OF THE UNITED STATES
## for the Western District of New York

---

**NOVEMBER 2007 GRAND JURY**
**(Empaneled 11/1/2007)**

**THE UNITED STATES OF AMERICA**

*-vs-*

**KEITH GORDON-SMITH,**
**DAVID VEGA Jr. and**
**GORDON-SMITH CONTRACTING, Inc.**
                                    **Defendants.**

**SEALED**
**INDICTMENT**

**Violations:**
Title 42, United States Code,
Section 7413(c)(1); Title 18,
United States Code, Sections
2, 4, 371, 1001(a)(1),
1001(a)(2) and 1001(a)(3).

## COUNT 1

### The Grand Jury Charges:

1.   Between on or about January 1, 2007, the exact date being unknown, through the date of this indictment, in the Western District of New York, the defendants, KEITH GORDON-SMITH (controlling principal/owner of Gordon-Smith Contracting Inc., hereinafter GSCI) and DAVID VEGA Jr. (Project Manager for GSCI), did knowingly, willfully and unlawfully conspire and agree to defraud the United States and to commit violations of Section 7413(c) (Clean Air Act) of Title 42 and Section 1001 (false statements to a government agency) of Title 18 of the United States Code by:

a)   directing and causing employees of GSCI to violate work practice standards under the Clean Air Act as to the handling and disturbance of asbestos containing materials (ACM);

b)   making false material statements to an inspector of the Occupational Safety and Health Administration, a department/agency of the executive branch of the United States government; and

c)   defrauding the United States, that is, to hamper, hinder, impede, impair and obstruct by craft, trickery, deceit, and dishonest means, the lawful and legitimate functions of the Department of Labor and its agency, the Occupational Safety and Health Administration (OSHA), in enforcing the federal safety and health regulations covering certain workers throughout the United States.

**INTRODUCTION**

2.   In late 2006, Gordon-Smith Contracting Inc. (hereinafter GSCI) entered into a contract wherein it agreed to undertake the interior clean out and selective demolition of the West Wing and other buildings at the former Genesee Hospital complex in Rochester, New York.  As part of that contract, the defendant, KEITH GORDON-SMITH, did receive and review a pre-demolition asbestos survey which showed that the West Wing, including the gray fire-proofing (spray on insulation) on the ceilings of the West Wing, was contaminated with Asbestos Containing Material (ACM).  As part of that contract, the defendant, KEITH GORDON-SMITH, agreed that in the course of said work his company would comply with all safety requirements of applicable laws, ordinances, rules, regulations and orders of

public authorities. The defendant, KEITH GORDON-SMITH, was the controlling principal/owner of GSCI, and the defendant, DAVID VEGA Jr., was the Project Manager for GSCI at the Genesee Hospital. In December 2006, the defendants, KEITH GORDON-SMITH and DAVID VEGA Jr., made available for review to the GSCI employees the asbestos survey for the West Wing.

## MANNER AND MEANS OF CONSPIRACY

3.   Commencing in or about January or early February 2007, the exact date being unknown, the defendants, KEITH GORDON-SMITH and DAVID VEGA Jr., directed employees to enter the West Wing and to cut and remove copper piping, ceiling tiles and other non-moveable materials from the West Wing.

4.   During that same period, when employees inquired about the sprayed-on fire-proofing which surrounded and/or was close to some of the copper piping and other materials, the defendants, KEITH GORDON-SMITH and DAVID VEGA Jr., would advise employees that the fireproofing was not "hot" in that it did not contain any asbestos.

5.   In late May or early June 2007, the defendants, KEITH GORDON-SMITH and DAVID VEGA Jr., commenced and oversaw on behalf of GSCI the abatement of asbestos from the Genesee Hospital Complex, including the sprayed-on fire-proofing which contained asbestos.

6.    During September 2007 through October 2007, an OSHA inspector made specific inquiries about whether there had been cutting and removal of pipes, ceiling tiles and other materials from the West Wing prior to the asbestos abatement in the West Wing. On various dates, the defendants, KEITH GORDON-SMITH and DAVID VEGA Jr., told the OSHA inspector words to the effect: that no employees of GSCI had done any cutting or removal of copper pipes, ceiling tiles or other non-moveable materials from the West Wing prior to the asbestos abatement; that the ceiling tiles had already been removed from the West Wing before GSCI began to work at the Genesee Hospital complex; that the only thing removed from the West Wing prior to the asbestos abatement was furniture and other moveable objects; and that any cutting or removal of pipes occurred only after the abatement portion of the project had been started.

**<u>Overt Acts</u>**

During the course and in furtherance of the conspiracy, the defendants committed and caused to be committed, among other things, the overt acts set out below.

7.    During a period from in or about January or early February 2007, through in or about mid-May 2007, the defendants, KEITH GORDON-SMITH and DAVID VEGA Jr., directed employees of GSCI to cut and remove copper pipes, ceiling tiles and other non-moveable

4

materials from the West Wing.

8.  During a period from in or about January or early February 2007, through in or about mid-May 2007, when employees of GSCI inquired about whether the spray-on fire-proofing was "hot", the defendants, KEITH GORDON-SMITH and DAVID VEGA Jr., advised that they were not "hot," meaning they did not contain any asbestos containing materials.

9.  On September 4, 2007, the defendant, KEITH GORDON-SMITH, in the presence of DAVID VEGA Jr., made statements and representations to an OSHA inspector when he indicated words to the effect that the ceiling tiles in the West Wing were gone before GSCI commenced working at the Genesee Hospital complex and that the only things removed from the West Wing prior to the commencement of the asbestos abatement in the West Wing were furniture and moveable objects.

10.  On September 12, 2007, the defendant, KEITH GORDON-SMITH, in the presence of DAVID VEGA Jr., made statements and representations to an OSHA inspector when he indicated words to the effect that the ceiling tiles in the West Wing were gone before GSCI commenced working at the Genesee Hospital complex; and that there had been only limited demolition activities in the West Wing prior to the

asbestos abatement, namely, employees had clipped the lights and tied up the electrical wires in addition to the removal of furniture, equipment, and other moveable objects.

11.  On September 26, 2007, the defendant, DAVID VEGA Jr., made statements and representations to an OSHA inspector when he indicated words to the effect that the only time there had been any demolition activities in the West Wing was during the asbestos abatement.

12.  On October 3, 2007, the defendant, KEITH GORDON-SMITH, made statements and representations to an OSHA inspector when he indicated words to the effect that his employees had not cut any pipe prior to the asbestos abatement in the West Wing.

13.  On December 13, 2007, the defendant, DAVID VEGA Jr., made a written statement to a special agent of the U.S. Department of Labor, Office of Inspector General and an investigator with the New York State Department of Environmental Conservation wherein he indicated words to the effect that at no time had employees of GSCI cut copper pipes in the West Wing and that the only items which had been removed from the West Wing (prior to the abatement) were furniture.

**All in violation of Title 18, United States Code, Section 371.**

6

## COUNT 2

## The Grand Jury Further Charges:

1.   The allegations and information set out in Paragraph 2 of Count 1 of this indictment are hereby incorporated and re-alleged as if fully set out herein.

2.   Between on or about January 1, 2007, and on or about June 1, 2007, in the Western District of New York, the defendants, KEITH GORDON-SMITH, DAVID VEGA Jr. and GORDON-SMITH CONTRACTING, Inc., did knowingly and unlawfully violate the Clean Air Act, that is, violate Title 42, United States Code, Sections 7413(c)(1) and 7412(f)(4), by the knowing and unlawful violation of work practice standards under the Clean Air Act pursuant to Title 42, United States Code, Section 7412(h) as set out and established by the Administrator of  United States Environmental Protection Agency, at 40 C.F.R. §61.145. The violations occurred as a result of the improper and illegal disturbance of friable Asbestos Containing Material (ACM) from a building known as the West Wing in the former Genesee Hospital complex in Rochester, New York in that employees of, and/or subject to the direction of, the defendants as operators of the facility under contract, disturbed dry ACM during the

cutting down of copper pipes, ceiling tiles and other non-moveable materials.  Said practices included activity prohibited under the Clean Air Act, namely, the disturbance of ACM without wetting of the ACM. The amount of the ACM so disturbed was in excess of 160 square feet.

**All in violation of Title 42, United States Code, Section 7413(c)(1) as it relates to  Section 7412(f)(4) and Section 7412(h) and 40 C.F.R. Section 61.145 and Title 18, United States Code, Section 2.**

## COUNT 3

### The Grand Jury Further Charges:

1.   The allegations and information set out in Paragraph 2 of Count 1 of this indictment are hereby incorporated and re-alleged as if fully set out herein.

2.   Between on or about September 4, 2007, to a date unknown but until at least October 3, 2007, in the Western District of New York, in a matter within the jurisdiction of the executive branch of government, namely the Department of Labor, Occupational Safety and Health Administration (OSHA), the defendants, KEITH GORDON-SMITH (controlling principal/owner of GSCI) and DAVID VEGA Jr. (Project Manager for GSCI), did knowingly and willfully falsify, conceal, and cover up a material fact, to wit, the demolition-related activities in the West Wing of the Genesee Hospital complex in Rochester, New York during the Winter and Spring of 2007, and did so by trick, scheme, and device, in that, the defendants set out purposely to lie to and mislead an inspector from OSHA by falsely representing that no employees of GSCI had done any removal of piping or ceiling tiles from the West Wing prior to the

commencement of the asbestos abatement; that the only thing employees had removed from the West Wing prior to the asbestos abatement was furniture and moveable objects; and that the ceiling tiles in the West Wing had been removed before GSCI began the project.

**All in violation of Title 18, United States Code, Sections 1001(a)(1) and 2.**

## COUNT 4

## The Grand Jury Further Charges:

1.   The allegations and information set out in Paragraph 2 of Count 1 of this indictment are hereby incorporated and re-alleged as if fully set out herein.

2.   On or about September 4, 2007, in the Western District of New York, in a matter within the jurisdiction of the executive branch of government, namely the Department of Labor, Occupational Safety and Health Administration (OSHA), the defendant, KEITH GORDON-SMITH (controlling principal/owner of GSCI), did knowingly and willfully make false, fictitious and fraudulent material statements and representations; that is, the defendant KEITH GORDON-SMITH, did falsely represent to an OSHA inspector that the ceiling tiles in the West Wing were gone before GSCI commenced working at the Genesee Hospital complex and that the only things removed from the West Wing prior to the commencement of the asbestos abatement in the West Wing were furniture and moveable objects.

**All in violation of Title 18, United States Code, Section 1001(a)(2).**

11

## COUNT 5

## The Grand Jury Further Charges:

1.   The allegations and information set out in Paragraph 2 of Count 1 of this indictment are hereby incorporated and re-alleged as if fully set out herein.

2.   On or about September 12, 2007, in the Western District of New York, in a matter within the jurisdiction of the executive branch of government, namely the Department of Labor, Occupational Safety and Health Administration (OSHA), the defendant, KEITH GORDON-SMITH (controlling principal/owner of GSCI), did knowingly and willfully make false, fictitious and fraudulent material statements and representations; that is, the defendant, KEITH GORDON-SMITH, did falsely represent to an OSHA inspector that the ceiling tiles in the West Wing were gone before GSCI commenced working at the Genesee Hospital complex; and that there had been only limited demolition activities in the West Wing prior to the asbestos abatement, namely, employees had clipped the lights and tied up the electrical wires in addition to the removal of furniture, equipment, and other moveable objects.

**All in violation of Title 18, United States Code, Section 1001(a)(2).**

12

## COUNT 6

## The Grand Jury Further Charges:

1.    The allegations and information set out in Paragraph 2 of Count 1 as well as in Paragraph 2 of Count 4 of this indictment are hereby incorporated and re-alleged as if fully set out herein.

2.    Between on or about September 4, 2007, and at least to the date of this indictment, in the Western  District of New York, the defendant, DAVID VEGA Jr., having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit, defendant's, KEITH GORDON-SMITH's, violation, on September 4, 2007, of Title 18, United States Code, Section 1001(a)(2), in the manner set forth in Count 4 of this Indictment, and did conceal said knowledge and did not as soon as possible make known the same to some judge or other person in civil authority under the United States.

 **All in violation of Title 18, United States Code, Section 4.**

## COUNT 7

### The Grand Jury Further Charges:

1.   The allegations and information set out in Paragraph 2 of Count 1 as well as in Paragraph 2 of Count 5 of this indictment are hereby incorporated and re-alleged as if fully set out herein.


2.   Between on or about September 12, 2007, and at least to the date of this indictment, in the Western  District of New York, the defendant, DAVID VEGA Jr., having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit, defendant's, KEITH GORDON-SMITH's, violation, on September 12, 2007, of Title 18, United States Code, Section 1001(a)(2), in the manner set forth in Count 5 of this Indictment, and did conceal said knowledge and did not as soon as possible make known the same to some judge or other person in civil authority under the United States.

   **All in violation of Title 18, United States Code, Section 4.**

## COUNT 8

### The Grand Jury Further Charges:

1.   The allegations and information set out in Paragraph 2 of Count 1 of this indictment are hereby incorporated and re-alleged as if fully set out herein.


2.   On or about September 26, 2007, in the Western District of New York, in a matter within the jurisdiction of the executive branch of government, namely the Department of Labor, Occupational Safety and Health Administration (OSHA), the defendant, DAVID VEGA Jr. (Project Manager for GSCI), did knowingly and willfully make false, fictitious and fraudulent material statements and representations; that is, the defendant, DAVID VEGA Jr., did falsely represent to an OSHA inspector that the only time there had been any demolition activities in the West Wing was during the asbestos abatement.


**All in violation of Title 18, United States Code, Section 1001(a)(2).**

## COUNT 9

### The Grand Jury Further Charges:

1.   The allegations and information set out in Paragraph 2 of Count 1 of this indictment are hereby incorporated and re-alleged as if fully set out herein.


2.   On or about October 3, 2007, in the Western  District of New York, in a matter within the jurisdiction of the executive branch of government, namely the Department of Labor, Occupational Safety and Health Administration (OSHA), the defendant, KEITH GORDON-SMITH (controlling principal/owner of GSCI), did knowingly and willfully make false, fictitious and fraudulent material statements and representations; that is, the defendant, KEITH GORDON-SMITH, did falsely represent to an OSHA inspector that his employees had not cut any pipe prior to the asbestos abatement in the West Wing.


**All in violation of Title 18, United States Code, Section 1001(a)(2).**

## COUNT 10

### The Grand Jury Further Charges:

1.   The allegations and information set out in Paragraph 2 of Count 1 of this indictment are hereby incorporated and re-alleged as if fully set out herein.


2.   On or about December 13, 2007 in the Western District of New York, in a matter within the jurisdiction of the executive branch of government, namely the Department of Labor, Office of Inspector General, the defendant,  DAVID VEGA Jr. (Project Manager for GSCI), did knowingly and willfully make and use a false writing and document while knowing that said document contained materially false, fictitious and fraudulent statements and entries; that is, in a written statement by the defendant, DAVID VEGA Jr., did falsely state to a special agent of the U.S. Department of Labor, Office of Inspector General, also in the presence of an investigator with the New York State Department of Environmental

Conservation, that "at no time did employees of Gordon-Smith Contracting Inc. cut the copper pipes out of" areas in the West Wing prior to "the end of Spring or beginning of Summer 2007".

**All in violation of Title 18, United States Code, Section 1001(a)(3).**

DATED: Rochester, New York,  January 29, 2008

TERRANCE P. FLYNN
United States Attorney

BY:  s/Martin J. Littlefield
MARTIN J. LITTLEFIELD
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5700, ext. 829
martin.littlefield@usdoj.gov

A TRUE BILL:

s/Foreperson
FOREPERSON